**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KIM BROMAN, | NO. CV 10-01739 SJO (SSx) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER RE: PARTIES'** |
| GLOBALSPEC, INC., and DOES 1 THROUGH 20, INCLUSIVE, | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | |

The Court has received and considered the parties' proposed "Stipulated Protective Order" (the "Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

First, a protective order must be narrowly tailored and cannot be overbroad. Therefore, the documents, information, items or materials that are subject to the protective order shall be described in a meaningful and specific fashion (for example, "personnel records," "medical records," or "financial information," etc.). It is not sufficient to define the scope of the Protective Order as applying to

"information which has not been made public and which concerns or relates to the processes, operations, type or work, or apparatus to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount of source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm partnership, corporation, or to the organization from which the information was obtained." (Protective Order at 2, ¶ 1).

Second, the Court will not agree that material filed in this action will be designated by counsel as "Confidential–subject to Court Order," (Protective Order at 5 ¶ 9), because this designation might suggest that the Court has made a determination about whether particular material fits within the categories described by a Protective Order entered in this case. If the parties wish to designate material as confidential, they can mark documents "confidential" but should not indicate that the Court has also reached a decision about the nature of the documents.

If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.1, to file the papers  -- or the confidential portion thereof -- under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. The Court cannot agree to any other procedures for filing documents under seal. (See Protective Order at 5, ¶9).

1     Third, the Protective Order does not establish the requisite good
2  cause.  Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1115 (9th Cir.
3  2009) ("The relevant standard [for the entry of a protective order] is
4  whether good cause exists to protect the information from being
5  disclosed to the public by balancing the needs for discovery against the
6  need for confidentiality." (internal quotation marks and alteration
7  omitted)); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1130
8  (9th Cir. 2003) (court's protective order analysis requires examination
9  of good cause (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206,
10 1210-11, 1212 (9th Cir. 2002)); San Jose Mercury News, Inc. v. United
11 States Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999).

13     The Court may only enter a protective order upon a showing of good
14 cause.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176
15 (9th Cir. 2006) (stipulating to protective order insufficient to make
16 particularized showing of good cause, as required by Rule 26(c));
17 Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good
18 cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc.,
19 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
20 require good cause showing).

22     In any revised stipulated protective order submitted to the Court,
23 the parties must include a statement demonstrating good cause for entry
24 of a protective order pertaining to the documents or information
25 described in the order.  The documents to be protected shall be
26 specifically described and identified.  The paragraph containing the
27 statement of good cause should be preceded by the phrase: "GOOD CAUSE
28 STATEMENT."  The parties shall articulate, for each document or category

of documents they seek to protect, the specific prejudice or harm that will result if no protective order is entered. <u>Foltz</u>, 331 F.3d at 1130.

    Finally, the Court reminds the parties that all future discovery documents filed with the Court shall include the following in the caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

IT IS SO ORDERED.

DATED: July 26, 2010             _____/S/_____
                                      SUZANNE H. SEGAL
                                      UNITED STATES MAGISTRATE JUDGE